**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

J. J. P. M.,

Petitioner,

v.

TODD LYONS, *in his capacity as Acting Director, Immigration and Customs Enforcement*; KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; PAMELA BONDI; *U.S. Attorney General*; DAREN MARGOLIN, *Executive Office for Immigration Review*; and DAVID EASTERWOOD, *Field Office Director of St. Paul Field Office for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations*,

Respondents.

Case No. 26-cv-1297 (LMP/EMB)

**ORDER TO SHOW CAUSE**

---

Petitioner J. J. P. M. is a 16-year-old citizen of Ecuador who entered the United States in December 2022. ECF No. 1 at 5, 14. He was arrested by immigration officers on February 10, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *Id.* at 14. He asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *See id.* at 20. J. J. P. M. contends that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See id.* J. J. P. M. also contends that he is not subject to discretionary

detention under 8 U.S.C. § 1226(a) because the Government has not issued him a warrant. *See id.* at 13.

This Court has concluded that the mandatory detention provisions of 8 U.S.C. § 1225(b)(2) do not apply to noncitizens similarly situated to J. J. P. M. *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). This Court has further held that to the extent such noncitizens are detained pursuant to 8 U.S.C. § 1226(a), the Government must present an administrative warrant to justify their detention. *See Joaquin Q. L. v. Bondi*, No. 26-cv-233, 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026); *see also* 8 U.S.C. § 1226(a) (stating that a noncitizen "may be arrested and detained" pending removal "[o]n a warrant issued by the Attorney General"). Although J. J. P. M. raises some additional claims in his petition, J. J. P. M. raises the same core legal issues and largely requests the same relief granted in those cases—namely, an order requiring his release or a bond hearing. *See* ECF No. 1 at 19.

This Court will not depart from its reasoning in its prior decisions. Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government is directed to file an answer to Petitioner J. J. P. M.'s Petition for Writ of Habeas Corpus (ECF No. 1) on or before Thursday, February 12, 2026, certifying the true cause and proper duration of J. J. P. M.'s confinement and showing cause why the writ should not issue in this case;

2. The Government's answer must include:

a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of J. J. P. M.'s detention in light of the issues raised in his Petition;

b. A reasoned memorandum of law and fact explaining the Government's legal position on J. J. P. M.'s claims;

c. The Government's recommendation on whether an evidentiary hearing should be conducted; and

d. A good-faith argument as to whether—and if so, why—this matter is *materially* distinguishable, either factually or legally, from *Roberto M. F.*, *Victor Hugo D. P.*, and *Joaquin Q. L.*;

3. If J. J. P. M. intends to file a reply to the Government's answer, he must do so on or before Monday, February 16, 2026;[1]

4. No further submissions from the parties will be permitted except as authorized by Court order; and

5. The Government is **ORDERED** not to move J. J. P. M. outside of the District of Minnesota during the pendency of these proceedings, so that J. J. P. M. may consult with his counsel and participate in this litigation while the Court considers his Petition. If J. J. P. M. has been removed from Minnesota, the Government is **ORDERED** to immediately return him to Minnesota.

[1] The Court reserves the right to grant the Petition before J. J. P. M. files his reply brief if the Government's answer plainly demonstrates that J. J. P. M. is entitled to relief.

Dated: February 10, 2026
Time: 4:48 p.m.

*s/ Laura M. Provinzino*
Laura M. Provinzino
United States District Judge